Chief Justice Robertson,
delivered the opinion of the court
In virtue of the act of 1829, (Session acts, 217,) the commonwealth, at the instance of Isaac Miller and Matthew Love, prosecutes this appeal to reverse an order made by the circuit court of Jefferson, affirming an order previously made by the county court of the same county, altering the road leading from the City of Louisville, to Pollard’s ferry, so as to cause the road to run around, instead of through, a lot of ground owned by Edmund T. Bainbridge and with streets bounding said lot, as laid off near the City by the former proprietors of the land.
The viewers reported that no public or individual-inconvenience would result from the proposed change in the road; that the new road would be a few poles longer than the old one; but that it would be “as good or better.” Some witnesses examined in the court, stated, that the new road would not only be longer, but, iu their opinion, in consequence of some wet places in the ground, through which it would pass, worse than the old way. The circuit court made an interlocutory order, that Bainbridge (the applicant) should open the new road, and should, at his own expense, put a bridge across it at one place, and causeway other parts of it, which were low and wet; and commissioners appointed for that purpose, having examined the new road after it had been completed by Bainbridge, reported, that he had strictly complied with the order of the court; whereupon, the circuit court established the alteration in the old road.
The only question which this court is required to decide, is, whether the public will be subjected tc? any inconvenience by the order of the circuit court? For it must be admitted, that, however advantageous the new road may be to Bainbridge, or how much soever he may be benefitted by the alteration, the circuit court had no right to accommodate him, or consult his interest or convenience, at the expense of the public interest or convenience. And on the other hand, it is equally clear, that if no inconvenience *437 public or private, will result from the alteration, the order establishing it cannot be reversed or questioned by this court. Those who were interested in the contiguous lands, consented to the change.
Before the appellate court will, on the ground of public ineon' venience, set aside an order making an alteration in a public road, a manifest abuse of discretion by the inferi- or court must be shown.
If the new road be no better than the old one, public inconvenience must result from the change, as the new road is the longest. But it seems, that there was a wet and muddy place in the old road, and that there was no bridge or causeway over it. Therefore, after the new road had been constructed by Bain-bridge, it is probable, that it was better, and more convenient to the public than the old one was, or could ever be, without bridgeing or causewaying, similar to that made on the new road. There is no fact in the case tending to any other conclusion. It may, therefore, have been, and probably was more advantageous to the public, that the new road should have been constructed at individual expense, and should thus supercede the old one, than that the latter should have remained as it was, or have been repaired and made good at the public cost.
At all events, this court cannot decide, that the change, as made, is inconvenient, or disadvantageous to the phblic. The difference in the length of the two ways, is inconsiderable, and it would seem to be more congruous, that the ground designated for a street, should be the public highway.
Before this court would, on the ground of public inconvenience, set aside an order making an alteration in a public road, a manifest abuse of discretion by the inferior court would have to be shown. None such having been proved, or being inferible in this case, the order eslabling the alteration, will be affirmed. But, as the order of the county court did not require Bainbridge to prepare the new road and make it good at his own private expense, and, therefore, could not, perhaps, be deemed strictly compatible with the public interest and convenience, we are inclined to think, that the circuit court erred in rendering judgment for costs against Miller and Love.
Wherefore, the judgment for costs is reversed, and the cause remanded, with instructions to render judgment against Bainbridge, for costs in the circuit court.
Monroe, for plaintiff; Crittenden, for defendant.
There will be no judgment for costs in this court.